# Exhibit A

| | | | |
|---|---|---|---|
| **SUMMONS - CIVIL**<br>JD-CV-1 Rev. 2-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | State of Connecticut<br>Post Date: 10/19/2021<br>JD-CV-1 CV2150130265<br>Receipt No.: 0472174<br>Amount: $360.00<br>List Total: 001   $360.00 | For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: www.jud.ct.gov/ADA. | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>www.jud.ct.gov |

**Instructions are on page 2**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☒ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 155 Church Street Putnam, CT 06260 | ( 860 ) 928 - 5181 | October 26, 2021 |

| | | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District<br>☐ Housing Session | G.A.<br>☐ Number: | Putnam | Major: T   Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Daniel Reale 20 Dougherty Ave Plainfield, CT 06260 | |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 377 - 8047 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)<br>headlinecopy@gmail.com |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Daniel Reale<br>Address: 20 Dougherty Ave Plainfield, CT 06374 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Google, LLC<br>Address: c/o Agent Corporation Service Co.  100 PEARL STREET, 17TH FLOOR, MC-CSC1, HARTFORD, CT, | D-01 |
| Additional defendant | Name: Youtube, LLC<br>Address: c/o CEO Susan Wojcicki  901 Cherry Ave. San Bruno, CA 94066 | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☐ Commissioner of Superior Court<br>☒ Clerk Admin | Name of person signing |
|---|---|---|---|
| 8/24/21 | Olga Christina Kolat | | Olga Christina Kolat |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date: 2021 OCT [illegible] PM 4:20
PUTNAM SUPERIOR CT CLERK

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date<br>8-20-21 | Docket Number<br>CV21501302[6] |
|---|---|---|---|

[ Print Form ]   Page 1 of 2   [ Reset Form ]

RETURN DATE: OCTOBER 26, 2021      SUPERIOR COURT

DANIEL REALE      J.D. OF WINDHAM

VS      AT PUTNAM

GOOGLE, LLC      AUGUST 20, 2021
YOUTUBE, LLC

**COMPLAINT**

The Plaintiff complains and alleges to the best of his knowledge and belief, as follows:

**COUNT ONE: UNLAWFUL RESTRAINT OF TRADE PER THE SHERMAN ANTI-TRUST ACT 15 USC §1-38, inclusive.**

1. The Plaintiff is a resident of Connecticut and has a Youtube Channel on which he posted content critical of public health failures and government response to the COVID-19 pandemic.

2. The Defendant Google owns Youtube, and promotes it as being a neutral content platform supporting freedom of speech and public discourse. Youtube also offers subscribers incentives to increase their views so as to obtain ad revenue and the opportunity in order to attract and entice users such as the Plaintiff and those similarly situated to exert the effort to create, produce and publish content. Youtube is by far the largest video hosting website on the Internet in terms of both traffic and content.

3. Defendant Google also owns and operates, seperately from Youtube, Google Videos, which is a video search engine that aggregates video content throughout multiple video hosting providers that are substantially smaller than Youtube. The whole spirit, intent and purpose of this affiliation is to steer

search engine traffice from Google (the Internet's largest search engine) to Youtube (the Internet's largest video content provider).

4. Defendant Youtube, LLC owns the website Youtube.com, on which the Plaintiff has the channel referenced in ¶1 of this Complaint.

5. The Defendants have no liability whatsoever for the content uploaded by users because neither is a publisher. It is therefore not liable for any health, public health or medical information of any kind posted by its users.

6. The Defendants brand Youtube as a content neutral platform. It is anything but a content neutral platform.

7. The Defendant acquired Youtube in order to monopolize the online videography industry, which it did, and with it, control advertising content itself rather than offer a true profit sharing enterprise with its users. Both Defendants, under the fraudulent guise of offering a content neutral platform for freedom of speech, also conspired to reset view counters of channels, delete content it politically disagrees with and discourage even the exploration of alternatives to COVID-19 vaccines and lockdowns. To this end, the Defendants had a conscious commitment to a common scheme designed to achieve an unlawful objective, which was the restraint of trade.

8. The Defendants have conspired to restrain trade in the form of medical therapeutics, advertising revenue and even political speech itself. The Defendants deceptively advertise and brand themselves as promoters of the public discourse so as to suppress:

practices. To wit, and for representative examples as suffered by the Plaintiff:

(a) The Defendants caused a video entitled "Day 429 of the 15 Day Lockdown [URL at https://youtu.be/BlPajwiwlhw] (What Happened as it Happened)" to be removed, labelling it as "medical misinformation", and they denied the appeal, knowing said video did not in fact contain medical misinformation. The video itself relied exclusively relied on data from the CDC, the University of Washington's Institute for Health Metrics and Evaluation ("IHME") and NIH in addition to statements made by mainstream media and others made by Dr. Fauci and other public health officials, as well as Governor Lamont. Youtube removed it when it was reposted again, and denied the appeal again after being put on written notice that Youtube was in fact illegally restraining trade in violation of the Sherman Antitrust Act;

(b) The Defendants also caused a video to be taken down summarizing the Plaintiff's absolute condemnation of what safetyism has done to destroy people and interpersonal relationships [URL at https://youtu.be/BlPajwiwlhw], which the Defendants falsely flagged as selling a deceptive product or service. Said video sold no product. It offered no service. It merely set forth and described that many months of mask shaming and promoting a

(a) producers of content who disagree with lockdowns and COVID-19 restrictions;

(b) educational material concerning alternatives to lockdowns, such as the MATH+ protocol;

(c) actual CDC, WHO and NIH data demonstrating that lockdowns have harmed public health in a net sense;

(d) content that merely questions the risk-reward analysis behind the decision to take the COVID-19 vaccine;

(e) information that would tend to demonstrate that the COVID-19 vaccines did not sufficiently meet, in truth and in fact, all criteria for emergency use authorization (for example, the existence of other therapeutics such as the MATH+ protocol or Ivermectin) that could be helpful in treating COVID-19 (see 21 USC §360bbb–3);

(f) discussion of the harmful effects of COVID-19 restrictions; and

(g) discussion of any studies, data or literature concerning the actual efficacy of masks (including the absence of any real studies on the efficacy of mask use among children to mitigate the spread of SARS-cov-2.

9. The Defendants punish and restrain content described in ¶8 as a naked attempt to restrain trade and in a manner that does not render either of them more competitive by deplatforming entire channels and falsely labelling content "medical misinformation" or as selling deceptive products or business

world where people stop living thier lives meant that the Plaintiff would regard said people as mentally unwell and very much not good people at all to a point where the Plaintiff would not associate with them. The Defendants took this pure and unmitigated moral condemnation by the Plaintiff of what lockdowns, forced masking and other extreme measures had done and falsely labelled it as selling a product or offering a service.

10. On information and belief, the Defendants have purposefully reset view counters and suppressed the searchability of the Plaintiff's channel that contains videos taking the data from CDC as true and well pleaded, comparing the same to public health measures that did not result in the outcomes as they were sold. The Defendants did this to purposefully restrain the Plaintiff's ability to start a channel, broadcast his message and ultimately receive a sufficient amount of views to obtain ad revenue.

11. By way of further example of the Defendants' ad revenue cartel, they have outright deplatformed channels that have existed on Youtube for years. For example, this included Stephan Molyneux's Freedomain Radio channel, which was as of its deplatforming the largest philosophy podcast on the Internet. That channel did not contain medical misinformation, but it's transgressions, in the eyes of the Defendants, were that it questioned COVID restrictions. This anti-

competitive behavior is only exacted upon those channels that have been long established prior to COVID-19 and had the viewership sufficient to question both COVID-19 restrictions and the Defendants' monopolistic conduct, and it constitutes an abrupt boycott and refusal to deal moving forward. The Defendants have indeed initiated a scorched earth campaign to remove any content that can effectively question the public health harms caused by the government response to COVID-19 that completely fail to balance those with any tangible benefits.

12. The Defendants have also profited, purposefully, off government advertising at the international, federal, state and local levels promoting their content to justify lockdowns, restrictions and denial of medical freedom, and the Defendants have chosen to censor, block and selectively discourage users from finding content that criticizes such efforts promoted by state actors. In fact, Youtube even frontloads direct links to CDC on every video tagged with "COVID-19" or "vaccine" – promotion of the sort the Plaintiff and no other user of no other channel could possibly obtain and such that it amounts to diversion of ad revenue and views from the Plaintiff and others similarly situated. The Defendants have essentially lessened competition between the informational content and presentation of the Plaintiff and government purchasers. It is a practice that artificially

affects the marketplace of Youtube ad revenue and the free exchange of ideas. It is functionally an illegal discount, rebate and promotion for the purposes of 15 USC §13a because the Plaintiff is a competitor content producer.

13. The Defendants, in a knowingly purposeful manner, have allowed proponents of lockdowns, restrictions and mandatory vaccinations to deceptively flag content that offends their world view, including videos (such as the Plaintiff's) that cover alternative approaches like the MATH+ protocol, which even NIH has stated that, "We believe that it is no longer ethically acceptable to limit management to 'supportive care' alone, in the face of effective, safe, and inexpensive medications that can effectively treat this disease and thereby reduce the risk of complications and death." - as of August 2020 [https://pubmed.ncbi.nlm.nih.gov/32809870/]. This has resulted in a complete strangulation of scientific and public discourse in addition to strangulation of the scientific process itself such that many hundreds of thousands have needlessly died as a consequence of the restraint of scientific discourse. This has profoundly, permanently and in a life altering way harmed consumers for a generation and doomed many who were denied elective surgeries and routine cancer screenings due to lockdown and COVID-19 driven panic driven in key part by the Defendants' monopolistic conduct. Said conduct was nakedly open

and notorious and is completely lacking in pro-competitive justification.

## COUNT TWO: CONNECTICUT UNFAIR TRADE PRACTICES ACT CGS §42-110g

1-13. The Plaintiff reallages ¶¶1-13 of Count One as set forth herein and reincorporates the same by reference.

14. In addition to the foregoing conduct, the Defendants sell the Youtube platform as promoting of free speech so egregiously that it sponsored a 'Free Expression Award' this year for the purposes of awarding it to Youtube's CEO Susan Wojcicki. Wojcicki, *in* accepting the award, continued to announce Youtube's policy of having videos that disagree with the company's views removed and/or not recommended to Youtube's users.

15. The Defendants reach into the State of Connecticut to solicit users in Connecticut to create and upload their content to Youtube under the pretense that their content and work will not only be treated equally – but also lead to ad revenue as subscribers and views accumulate.

16. The Defendant falsely entices the Plaintiff and others similarly situated into the ascertainable loss of time and effort promoting their channels and otherwise subscribing to the delusion that all content is treated equal such to increase the number of users and views for which they can sell advertising to. Simply put, the users – *especially content producers* – are the product themselves without realizing it.

17. The conduct of the Defendants offends public policy in the senses that: (a) it violates the Sherman AntiTrust Act, (b) it is fraudulent, (c) it harms competition, (d) it harms consumers, it constitutes negligent misrepresentation, and (d) above all, it has

purposefully silenced public and scientific discourse that had the potential to save over 600,000 lives.

18. The Defendants' conduct also damaged the Plaintiff in the form of ad revenues that would have materialized had they not imposed their monopolistic system to suppress content that disagrees with their internal political views – even as they falsely sold the platform as content neutral.

19. A copy of this Complaint will be transmitted to the Attorney General.

WHEREFORE, the Plaintiff claims:

    A. Costs and fees;
    B. Damages;
    C. Damages under CGS §42-110g;
    D. The summoning in of necessary third parties per 15 USC §5, to the extent the Court deems it proper;
    E. Damages under 15 USC §15
    F. Injunctive Relief
    G. Any relief the Court deems appropriate

THE PLAINTIFF,

_[signature]_

Daniel Reale
20 Dougherty Ave
Plainfield, CT 06374
(860) 377-8047
headlinecopy@gmail.com

**RETURN DATE: OCTOBER 26, 2021**         **SUPERIOR COURT**

**DANIEL REALE**                          **J.D. OF WINDHAM**

**VS**                                    **AT PUTNAM**

**GOOGLE, LLC**                           **AUGUST 20, 2021**
**YOUTUBE, LLC**

### STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims in excess of $15,000.

THE PLAINTIFF,

Daniel Reale
20 Dougherty Ave
Plainfield, CT 06374
(860) 377-8047
headlinecopy@gmail.com

STATE OF CONNECTICUT }
                            } SS: HARTFORD,     SEPTEMBER 23, 2021
COUNTY OF HARTFORD }

    Then and by virtue hereof, on the 23rd day of September, 2021, I made due and legal service on the within named Defendant, **GOOGLE, LLC,** I left a verified true and attested copy of the within original **Writ, Summons, Complaint, and Statement of Amount in Demand,** with and in the hands of Deneen L. Seifel, duly authorized to accept for Corporation Service Company, Agent For Service for said Defendant, at Updike, Kelly & Spellacy, P.C., 100 Pearl Street, in the City of Hartford.

    Afterwards on the 23rd day of September, 2021, I made due and legal service pursuant to C.G.S. 34-243r and 34-275a, unauthorized foreign LLC, on the within named Defendant, **YOUTUBE, LLC,** by leaving two (2) copies of the within original, **Writ, Summons, Complaint, and Statement of Amount in Demand,** with and in the hands of the clerk in charge of the office of Denise Merrill, Secretary of State for the State of Connecticut. Said Secretary of State is the duly authorized agent to accept service for the within named, in the City of Hartford.

    The within is the original, **Writ, Summons, Complaint, and Statement of Amount in Demand,** with my doings hereon endorsed.

FEES:

| | | |
|---|---|---|
| Pages | $ 33.00 | |
| Endorsements | 4.00 | |
| Service | 80.00 | |
| Travel | 3.00 | |
| Sec State | 50.00 | |
| Total | $ 170.00 | |

ATTEST: _____
ALEX J. RODRIGUEZ
STATE MARSHAL
HARTFORD COUNTY

2021 OCT 18 PM 4 20
CLERK'S OFFICE
SUPERIOR COURT
WINDHAM JD
PUTNAM, CT.